## MEYER ET AL. V. BINKLEMAN.

1. Attesting and proving a bill of exceptions by affidavits is a method of authentication that cannot be resorted to in the absence of "neglect or refusal" of the judge to allow, sign and seal the bill.

2. If appellants negligently postpone all action until the last days of the time limited for signing a bill of exceptions, they cannot ask to be relieved from the hardships of a temporary absence of the judge from his district.

*Appeal from District Court of Custer County.*

Mr. W. A. OFFENBACHER, and Messrs. BLACKBURN & DALE, for appellee.

Mr. GEO. S. ADAMS, *contra.*

PER CURIAM. This is a motion to strike the bill of exceptions from the record. The bill is attested and proved by affidavits. This method of authentication cannot be resorted to in the absence of "neglect or refusal" of the judge to allow, sign and seal the bill. The bill, as matter of fact, was never tendered the judge, but it is claimed that he was absent from the district on the 18th of July, when the bill was prepared and ready to be tendered; that this excuses failure to tender, and authorized the authentication, as in case of neglect and refusal of the judge.

The order of the court gave the appellants thirty days from the 20th of June within which to file the bill of exceptions. The 20th of July being Sunday the limitation expired on the 21st (Code 400). Twenty-seven days of the thirty granted passed before the appellants employed counsel or took any steps to pursue their appeal.

The bill of exceptions was not ready for signature until the 18th of July, when counsel being informed that the judge was absent from the district, no effort was made to tender it.

Orders of this character are supposed not only to give time for the preparation of the bill, but ample time for the presen-

tation to the judge wherever he may be in his district. Both in its preparation and presentation due diligence must be used. If appellants or their counsel negligently postpone all action until the last days of the time limited, they cannot, with any grace, ask to be relieved from the hardships of a temporary absence of the judge from his district. The neglect is theirs, and not the judge's. Again, if the absence of the judge from his district would amount to a "neglect or refusal" within the spirit of the statute, the fact of his absence does not sufficiently appear. Counsel states in his affidavit that he was so informed, but that such information was correct, we have no evidence; so that in the sense contended for there is no foundation for saying that the judge neglected or refused to allow the bill so as to warrant its authentication by affidavit.

*The motion must be allowed.*